PER CURIAM.
Appellant challenges the judgment and sentence that adjudicated him guilty of violating his probation. We reverse because the trial court failed to rule upon or conduct any inquiry into a purported discovery violation before proceeding to trial, despite a timely and proper defense objection.
On January 23, 2004, Appellant’s probation officer filed an affidavit alleging that Appellant had violated his probation. The Public Defender was appointed to represent Appellant on February 3, 2004, and on February 10, 2004, the matter was tried. Immediately prior to trial, the defense notified the court that it had not received any discovery from the State. Without addressing the defense objection, the lower court simply told the prosecutor to “call your first witness.” On appeal, Appellant contends that the lower court erred by not conducting a Richardson hearing or its equivalent. In response, the State urges that any error was harmless beyond a reasonable doubt. We disagree. The State has failed in its burden to show harmless error and a new trial is required.
REVERSED AND REMANDED.
SHARP, W., PLEUS and TORPY, JJ., concur.